IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EVELYN LOPEZ AND CORNELL FISHER, h/w<br>321 Schafer Boulevard<br>New Castle, DE 19720<br><br>v.<br><br>COUSIN'S SUPERMARKET, INC. NO. 3,<br>a/k/a COUSIN'S SUPERMARKETS<br>1900 North 5th Street<br>Philadelphia, PA 19122 | :<br>:<br>:<br>:<br>:<br>: CIVIL ACTION NO: 2:16-cv-05890-BMS<br>:<br>:<br>:<br>: COMPLAINT & JURY DEMAND<br>: |

## AMENDED CIVIL ACTION COMPLAINT

**FILED**
NOV 2 8 2016
LUCY V. CHIN, Interim Clerk
By _____ Dep. Clerk

### THE PARTIES

1.     Plaintiff, Evelyn Lopez, is a citizen and resident of the State of Delaware; is an adult individual; and, resides at 321 Schafer Boulevard in New Castle, Delaware.

2.     Plaintiff, Cornell Fisher, is and has at all times relevant hereto been the husband of Evelyn Lopez.

3.     Plaintiff, Cornell Fisher, is a citizen and resident of the State of Delaware; is an adult individual; and, resides at 321 Schafer Boulevard in New Castle, Delaware.

4.     Defendant, Cousin's Supermarket, Inc. No. 3 a/k/a, Cousin's Supermarket, Inc. (hereinafter referred to as "Cousin's"), is a corporation authorized and existing under the laws of the Commonwealth of Pennsylvania maintaining its principal place of business at 1900 North 5th Street in Philadelphia, Pennsylvania.

### JURISDICTION & VENUE

5.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1332(a)(1) in that "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States".

6. Venue over this action is appropriate in this matter pursuant to 28 U.S.C. 1391(a)(2), in the Eastern District of Pennsylvania in that it is where a substantial part of the events or omissions giving rise to the claim occurred.

## COUNT I
## EVELYN LOPEZ V. COUSINS SUPERMARKET NO. 3

7. Plaintiff avers and incorporates by reference all of the allegations of paragraphs 1 through 5, inclusive, as though the same were set forth more fully herein at length.

8. At all times material to this Civil Action, Plaintiff, Evelyn Lopez, was a patron, guest and/or business invitee at Defendant, Cousin's, located at the 1900 of North 5th Street, Philadelphia, Pennsylvania.

9. At all times relevant and material to this Civil Action, Defendant, Cousin's, owned, supervised, controlled, operated, and/or maintained the premises known as Cousin's Supermarket located at 1900 North 5th Street, Philadelphia, Pennsylvania, including, but not limited to the displays, products, walkways, and/or aisles of the said premises.

10. At all times material hereto, Defendant, Cousin's, acted or failed to act by and through their agents, servants, workmen and/or employees who were then and there acting within the scope of their authority and course of their employment with Defendant herein, in furtherance of their business and on their behalf.

11. On or about January 23, 2015, at approximately 4:30 P.M., Plaintiff, Evelyn Lopez, was a patron, guest and/or business invitee, lawfully shopping at the Defendant, Cousin's, premises at 1900 North 5th Street, Philadelphia, Pennsylvania and owed the highest standard of care.

12. At the aforesaid date, time and place, Plaintiff attempted to remove a bag of rice from a display/stack of rice bags when suddenly and without warning a portion of the display collapsed onto her due to a dangerous and defective condition created by the defendant, that

being improper stacking/display of products, causing the Plaintiff, Evelyn Lopez, to sustain severe and grievous injuries hereinafter more fully set forth.

13. The aforesaid incident was due to the negligence and carelessness of Defendant, Cousin's, and was due, in no way whatsoever, to any act and/or failure to act on the part of Plaintiff, Evelyn Lopez.

14. The negligence and carelessness of Defendant, Cousin's, consisted of the following:

> a.) allowing and causing a dangerous and defective condition to exist on the aforesaid premises, which Defendant herein, knew, or should have known, by the exercise of reasonable care;
>
> b.) failing to correct said dangerous and defective conditions of which Defendants herein, knew, or should have known, and which constituted a danger to patrons, guests and/or business invitees lawfully thereon, especially Plaintiff herein;
>
> c.) failing to keep and maintain the aforesaid premises in a reasonably safe condition for use by patrons, guests and/or business invitees, especially Plaintiff herein;
>
> d.) failing to give warning or notice of the existence of the dangerous and defective condition of the said premises to patrons, guests and/or business invitees, especially Plaintiff herein;
>
> e.) failing to properly stack/display items in a safe and proper manner for Plaintiff and other persons lawfully upon the premises;
>
> f.) disregarding the rights and safety of Plaintiff herein;
>
> g.) failing to inspect said premises at reasonable intervals in order to determine the condition thereof;
>
> h.) failing to exercise due care under the circumstances;
>
> i.) failure to repair, fix or cure the aforesaid dangerous condition;
>
> j.) violating the applicable ordinances, statutes, codes and/or building codes of the County of Philadelphia and/or the Commonwealth of Pennsylvania; and

k.) Creating a dangerous and unstable display.

15. As a result of the negligence and carelessness of Defendant, Cousin's, Plaintiff, Evelyn Lopez, was caused to sustain multiple injuries, including but not limited to, injuries to her low back right upper extremity, left lower extremity and back, which injuries have, in the past, and will, in the future, cause Plaintiff herein great pain and suffering, a serious impairment of her bodily functions and which are or may be permanent in nature.

16. As a further result of this accident, Plaintiff, Evelyn Lopez, has been, or will be, required to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses for the injuries suffered and may be required to continue to expend such sums or incur such expenditures for an indefinite time in the future.

17. As a further result of this accident, Plaintiff, Evelyn Lopez, has suffered medically determinable physical and/or mental impairment which prevent her from performing all or substantially all of the material acts and duties which constituted the Plaintiff herein's usual and customary activities prior to the accident.

18. As a direct and reasonable result of the accident aforementioned, Plaintiff, Evelyn Lopez, has or may hereafter incur other financial expenses which do or may exceed amounts which she may otherwise be entitled to recover, all to her great detriment and loss which currently equal or exceed **$21,682.22** and may continue to increase.

19. As a further result of the accident aforementioned, Plaintiff, Evelyn Lopez, has suffered severe physical pain, mental anguish and humiliation, and may continue to suffer same for an indefinite time in the future.

WHEREFORE, Plaintiff, Evelyn Lopez, demands judgment in her favor and against Defendant, Cousin's, in her favor, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with compensatory damages, interest, costs of suit, attorney's fees, and any other damages allowed by law.

### COUNT III – CORNELL FISHER V. COUSIN'S SUPERMARKET NO. 3

20. Plaintiff, Cornell Fisher, hereby incorporates by reference the allegations contained in paragraphs 1 through 19, inclusive, of this Complaint as though the same were set forth herein more fully at length.

21. Solely as a result of the aforesaid negligence and carelessness of the Defendant, Cousins, Plaintiff, Cornell Fisher, as spouse of Plaintiff, Evelyn Lopez, has been deprived of the society, companionship, aid, assistance, earnings and earning power and consortium of said spouse, all of which has, and may in the future continue to cause great emotional and financial loss and damage.

**WHEREFORE**, Plaintiff, Cornell Fisher, demands compensatory damages against Defendant, Cousins Supermarket No. 3, for the common law tort of negligence, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) Dollars, plus interest and costs of suit.

### JURY DEMAND

Plaintiffs herein, and each of them, demand a jury trial.

**TABAKIN WOLFE, LLP**

BY: _____
RICHARD A. WOLFE, ESQUIRE
NJ Attorney ID No: 029821996
Attorney for Plaintiffs
Plymouth Greene Office Campus
1000 Germantown Pike, B-3
Plymouth Meeting, PA 19462
(215) 525-1616-4701 - Office
(215) 525-5858 - Facsimile
E-mail: rich@twlegal.net

Dated: November 23, 2016